[No. 33648. *En Banc.* December 4, 1956.]

THE WASHINGTON TOLL BRIDGE AUTHORITY, *Plaintiff*, v. THE STATE OF WASHINGTON *et al.*, *Defendants and Relators*, THE SUPERIOR COURT FOR THURSTON COUNTY, *Raymond W. Clifford, Judge, Respondent.*[1]

[1]Reported in 304 P. (2d) 676.

The Attorney General and *John S. Robinson, Assistant,* for defendants and relators the state of Washington *et al.*

*Lycette, Diamond & Sylvester* and *Lyle L. Iversen,* for defendant and relator System Parking Service, Inc.

*Weter, Roberts & Shefelman* and *Harold S. Shefelman, Special Assistant Attorney General,* for plaintiff.

OTT, J.—Chapter 268, Laws of 1955, p. 1092 (RCW 47.59), purports to grant two additional powers to the Washington toll bridge authority (hereinafter referred to as the authority): (1) To provide a procedure for the establishing and financing of toll roads generally, and (2), specifically, to establish and provide for the financing of a toll road from a point south of and through Tacoma, thence through Seattle to a point south of Everett.

Section 17 of the act provides a special court procedure whereby "The authority may . . . have its authority to issue bonds . . . and the legality of all proceedings in connection therewith . . . determined . . ." The act further provides that, if any of its provisions be declared unconstitutional, such provisions shall be severable and not enforced.

The authority commenced this action to determine the validity of proposed bonds for the financing of the authorized Tacoma-Seattle-Everett toll road.

System Parking Service, Inc., and the attorney general (representing the state) each appeared and resisted the petition, alleging that the act is unconstitutional; that certain of its severable sections are unconstitutional, and that the authority had acted arbitrarily and capriciously.

The cause was tried to the court. It determined that § 13 and a portion of § 17 were unconstitutional. The remaining sections of the act were declared constitutional, and the

authority was adjudicated to be legally authorized to issue bonds. This review followed.

The attorney general, representing the state, makes four assignments of error, and System Parking Service, Inc., makes eleven. All of the assignments may be classified under two general subjects: (a) The entire act is unconstitutional, and (b) certain of the severable sections of the act are unconstitutional.

With reference to the assignments of error classified under "a" (the entire act is unconstitutional), it is contended that the toll road act violates Art. II, § 19, of the state constitution, which provides: "No bill shall embrace more than one subject, and that shall be expressed in the title."

This constitutional provision contains two mandates to the legislature: (1) That a bill contain no more than one general subject, and (2) that such single subject be expressed in the title.

With reference to (2), does the title indicate the subject or subjects contained in the body of the act?

The title of chapter 268, Laws of 1955, p. 1092, reads in part as follows:

"AN ACT to facilitate vehicular traffic in the state of Washington by providing for the acquisition, construction, improvement, extension, reconstruction, maintenance, repair and operation of toll road projects by the Washington toll bridge authority; defining the powers and duties of the Washington toll bridge authority, cities, towns and other political subdivisions and agencies of the state with respect to such toll road projects; specifically authorizing and establishing the location of the Tacoma-Seattle-Everett toll road project and pledging a portion of the excise tax on motor vehicle fuels to assist the financing thereof."

In one of the earliest opinions where this issue was presented, we stated:

"The legislature must be the judge of the scope which they will give to the word 'subject,' and . . . so long as the title embraces but one subject it is not inimical to such constitutional provision [Art. II, § 19], even although the subject as thus used contains any number of sub-subjects." *Marston v. Humes*, 3 Wash. 267, 275, 28 Pac. 520 (1891).

In *Decano v. State,* 7 Wn. (2d) 613, 627, 110 P. (2d) 627 (1941), we said:

"The legislature may, if it chooses, adopt a very broad and comprehensive title in a bill, in which case great liberality will be indulged to hold that any subject reasonably germane to such title may be embraced within the body of the bill."

In *State ex rel. Bugge v. Martin,* 38 Wn. (2d) 834, 232 P. (2d) 833 (1951), we held that a title similar to the one at bar constituted a general title, and, quoting from *Gruen v. State Tax Comm.,* 35 Wn. (2d) 1, 211 P. (2d) 651 (1949), stated:

" 'The rule may be stated as follows: Where the title of a legislative act expresses a general subject or purpose which is single, all matters which are naturally and reasonably connected with it, and all measures which will, or may, facilitate the accomplishment of the purpose so stated, are properly included in the act and are germane to its title.' "

In our opinion, the title to chapter 268, Laws of 1955, is general in nature, and adequately expresses the subject matter contained in the body of the act.

As to (1), does the body of the act contain more than one general subject, and, as expressed in *Gruen v. State Tax Comm., supra,* is the subject matter expressed in the title of the act germane to such single subject?

It is relators' principal contention that the body of the act violates the constitutional prohibition against the inclusion of more than one subject in a single bill, in that the act contains enabling legislation for toll road projects generally and provides specifically for a toll road from Tacoma through Seattle to Everett.

In a broad sense, chapter 268, Laws of 1955, deals with toll roads, but, separating the act into its component parts, it has *two* purposes: (1) To provide legislation, permanent in character, empowering a state agency to establish and operate all toll roads, and (2) to provide for the construction of a specific toll road linking Tacoma, Seattle, and Everett.

The first purpose grants the power to build toll roads in general and is *continuing* in effect, applicable to every toll road project henceforth to be authorized and constructed. It does not refer to the problems of a certain project, but, rather, is enabling legislation having no particular relationship to any specific road.

The second purpose is to provide for the construction of a Tacoma-Seattle-Everett toll road, and, although related to the first purpose to the extent that both pertain to toll roads, the second purpose is subject to accomplishment, and *is not continuing in character*. It is not germane to the purpose of creating an authority for the establishment of toll roads generally.

We adhere to the construction which we placed upon Art. II, § 19, of the constitution, in *Power, Inc. v. Huntley*, 39 Wn. (2d) 191, 235 P. (2d) 173 (1951), in which case this court declared chapter 10, Laws of 1951, Ex. Ses., p. 33, unconstitutional. It was apparent, from reading the title and from reading the act itself, that two subjects not germane to each other were included in a single act. At p. 198, we said:

"Another constitutional question is raised which must be determined here, and that is whether the entire act is unconstitutional because it violates Art. II, § 19, of our state constitution, . . .

"This provision contains two prohibitions: (1) No bill shall embrace more than one subject (the purpose of which is to avoid hodgepodge and 'logrolling' legislation); and (2) no bill shall have a subject which is not expressed in the title (the purpose of which is to notify the members of the legislature and the public of the subject matter of the proposed legislation). . . .

"In the present case, which falls within the first prohibition, i.e., no bill shall embrace more than one subject, the title tells the legislature and the public what the subject matter of the legislation is and makes it clear that it is dual in character, and in such a case we cannot see on what basis it can be said that one subject and not the other represents the legislative purpose."

We conclude that the title of chapter 268, Laws of 1955, and the act itself, embrace two subjects, in direct violation

of the constitutional prohibition. The plain language of the constitution makes it mandatory that the members of the legislature be given the opportunity to consider legislative subjects in separate bills, so that each subject may stand or fall upon its own merits or demerits.

For the reasons stated, we hold that because chapter 268, Laws of 1955, embraces more than one subject, both in the body of the act and in the title thereto, the entire act is unconstitutional.

Since we have held the entire act unconstitutional, it is unnecessary to discuss the constitutionality of the severable sections. However, as new legislation relative to toll roads may be drafted, we would be remiss if we did not indicate that some members of the court have grave doubts as to the constitutionality of the following severable sections:

(1) Section 2 (3), which reads in part:

"Each toll road project may be separately designated by name or number and may be constructed, *extended,* improved or reconstructed in such sections or stages as the authority may from time to time determine." (Italics ours.)

The constitutionality is questioned because of a lack of adequate standards to guide the administrative agency, particularly as to extensions. See *Uhden, Inc. v. Greenough,* 181 Wash. 412, 43 P. (2d) 983, 98 A. L. R. 1181 (1935); *State ex rel. Washington Toll Bridge Authority v. Yelle,* 195 Wash. 636, 82 P. (2d) 120 (1938); *Kelleher v. Minshull,* 11 Wn. (2d) 380, 119 P. (2d) 302 (1941); *Senior Citizens League v. Department of Social Security,* 38 Wn. (2d) 142, 228 P. (2d) 478 (1951); *Yakus v. United States,* 321 U. S. 414, 88 L. Ed. 834, 64 S. Ct. 660 (1944).

(2) Section 17 relates to the means of giving notice by publication to all citizens of the state that a special proceeding has been instituted for testing the validity of the bonds. Constitutionality is questioned because the notice provided may lack the requirements of due process. See *Mullane v. Central Hanover Bank & Trust Co.,* 339 U. S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950).

(3) Section 18 empowers the authority to lease to private parties for the operation of certain facilities, property acquired by condemnation. Amendment 9 to the state constitution (Art. I, § 16) provides that "Private property shall not be taken for private use, . . ." with certain exceptions not here material. See *Healy Lbr. Co. v. Morris*, 33 Wash. 490, 74 Pac. 681 (1903); *State ex rel. Tacoma Industrial Co. v. White River Power Co.*, 39 Wash. 648, 82 Pac. 150 (1905).

(4) Section 6 permits the acquisition of private property by condemnation, upon a showing of convenience. Constitutionality is questioned inasmuch as under amendment 9, above referred to, public use seems to be the sole test. See *State ex rel. Northwestern Electric Co. v. Superior Court*, 28 Wn. (2d) 476, 183 P. (2d) 802, 173 A. L. R. 1351 (1947).

(5) Section 4(5) permits the taking or damaging of property by the authority without prior compensation. Constitutionality is questioned because amendment 9, above referred to, prohibits such a taking before just compensation has been determined and paid. This seems to a majority of the court to have been determined by *State ex rel. Eastvold v. Yelle*, 46 Wn. (2d) 166, 279 P. (2d) 645 (1955). See, also, *State v. Sheets*, 48 Wn. (2d) 65, 290 P. (2d) 974 (1955).

As hereinbefore stated, we hold that the entire act is unconstitutional; and the judgment is reversed, with instructions to enter judgment in accordance with the views expressed herein.

MALLERY, SCHWELLENBACH, HILL, WEAVER, and ROSELLINI, JJ., concur.

FINLEY, J., dissents.

DONWORTH, C. J. (concurring in part)—I concur in the views expressed in the majority opinion through the first sentence of the paragraph on page 525, which reads as follows:

"Since we have held the entire act unconstitutional, it is

unnecessary to discuss the constitutionality of the severable sections."

As to the remainder of the opinion, I can find no authority for giving the legislature an advisory opinion as to how subsequent legislation should be drafted in order to obviate possible assertions that portions of a new toll road act are unconstitutional.

A somewhat analogous situation is presented by civil cases under the declaratory judgment act, where this court has repeatedly refused to render an advisory opinion. See *Kitsap County v. Bremerton*, 46 Wn. (2d) 362, 281 P. (2d) 841; *Conaway v. Time Oil Co.*, 34 Wn. (2d) 884, 210 P. (2d) 1012, and cases cited.

The drafting and enactment of bills is solely a function of the legislature under our state constitution. The function of this court is limited to reviewing the constitutionality of legislation after it has been duly enacted in the event that such questions are properly brought before us in due course of litigation.

I, therefore, do not consider the remainder of the majority opinion and neither concur in, or dissent from, the views therein expressed.