FILED
COURT OF APPEALS
DIVISION II

2014 DEC -9 AM 10: 29

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44351-1-II |
| Respondent, | |
| v. | |
| JOEL RYAN ALEXANDER, | PUBLISHED IN PART OPINION |
| Appellant. | |

LEE, J. — A jury found Joel Ryan Alexander guilty of attempted first degree rape of a child. Alexander appeals, arguing that (1) the criminal attempt statute violates the Washington State Constitution's single-subject and subject-in-title rule contained in article II, section 19; (2) the trial court's "substantial step" jury instruction relieved the State of its burden to prove all the essential elements of the crime; and (3) the trial court erred in finding by a preponderance of the evidence that Alexander had two prior most serious offenses that counted as two strikes under the Persistent Offender Accountability Act (POAA).[1]

In the published portion of the opinion, we hold that the criminal attempt statute codified in RCW 9A.28.020 does not violate article II, section 19. In the unpublished portion of the opinion, we address Alexander's remaining claims and affirm his conviction and sentence.

---

[1] RCW 9.94A.570.

No. 44351-1-II

In 2012, Sunshine Beerbower called the Elma police after discovering alarming online correspondence on the family computer between her 10-year-old son and 34-year-old Joel Alexander. Elma police officers responded to Beerbower's call and coordinated an investigation with the Washington State Patrol. Law enforcement took over the 10-year-old's Facebook and e-mail accounts and continued to communicate with Alexander. Alexander, believing that he was communicating with the 10-year-old boy, arranged a meeting at a park near the boy's home to have sexual contact. When Alexander arrived, he was arrested.

Alexander was charged with attempted first degree rape of a child. The trial court's jury instructions included the following:

INSTRUCTION No. 4

To convict the defendant of the crime of attempted rape of a child in the first degree, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about April 15, 2012, the defendant did an act that was a substantial step toward the commission of rape of a child in the first degree.

. . . .

INSTRUCTION No. 10

A substantial step is conduct that strongly indicates a criminal purpose and that is more than mere preparation.

Suppl. Clerk's Papers (SCP) at 38-39. A jury found Alexander guilty of attempted first degree rape of a child.

At sentencing, the State presented evidence of Alexander's two prior convictions of second degree rape of a child. Alexander neither objected nor stipulated to the admission of his prior

2

convictions. The trial court found by a preponderance of the evidence that Alexander had committed two prior most serious offenses and ruled that the current offense was a most serious offense that counted as a strike. Accordingly, under the POAA, the trial court sentenced Alexander to life in prison without the possibility of parole. Alexander appeals.

ANALYSIS

CONSTITUTIONALITY OF THE CRIMINAL ATTEMPT STATUTE, RCW 9A.28.020

The Washington State Constitution article II, section 19 states, "No bill shall embrace more than one subject, and that shall be expressed in the title." Article II, section 19 established two specific rules: (1) the single-subject rule, and (2) the subject-in-title rule. *Amalgamated Transit Union Local 587 v. State*, 142 Wn.2d 183, 206-07, 11 P.3d 762, 27 P.3d 608 (2000).

Alexander argues that the criminal attempt statute[2] violates the Washington State Constitution's single-subject and subject-in-title rule contained in article II, section 19. Alexander argues that because the criminal attempt statute is unconstitutional, his conviction must be vacated and the charge dismissed with prejudice. Because the criminal attempt statute does not violate article II, section 19, Alexander's claim fails.

We review allegations of constitutional violations de novo. *State v. Vance*, 168 Wn.2d 754, 759, 230 P.3d 1055 (2010). We presume that statutes are constitutional; a party challenging the constitutionality of a statute bears the burden of proving the statute's unconstitutionality beyond a reasonable doubt. *State v. Hunley*, 175 Wn.2d 901, 908, 287 P.3d 584 (2012).

---

[2] RCW 9A.28.020.

The criminal attempt statute was amended in 2001 as part of the Third Engrossed Substitute Senate Bill (ESSB) 6151. ESSB. 6151 is titled: "AN ACT Relating to the management of sex offenders in the civil commitment and criminal justice systems." LAWS OF 2001, 2d Spec. Sess. ch. 12, at 2196. Among other things, the act amended the criminal attempt statute to reclassify some attempted sex offenses as class A felonies. LAWS OF 2001, 2d Spec. Sess., ch. 12, § 354, at 2251.

A.      Single-subject rule

Article II, section 19's first requirement is that no bill shall embrace more than one subject. "The single-subject requirement seeks to prevent grouping of incompatible measures as well as pushing through unpopular legislation by attaching it to popular or necessary legislation." *Pierce County v. State*, 144 Wn. App. 783, 819, 185 P.3d 594 (2008). If the bill has a general title, it "may constitutionally include all matters that are reasonably connected with it and all measures that may facilitate the accomplishment of the purpose stated." *Pierce County*, 144 Wn. App. at 821 (citing *Amalgamated Transit*, 142 Wn.2d at 209). Conversely, "a restrictive title expressly limits the scope of the act to that expressed in the title" and "provisions not fairly within it will not be given force." *Amalgamated Transit*, 142 Wn.2d at 210.

The first step in addressing the single-subject requirement is to determine whether the title of the bill is general or restrictive. *Pierce County*, 144 Wn. App. at 819-20. "'A general title is broad, comprehensive, and generic[,] as opposed to a restrictive title that is specific and narrow,'"[3]

---

[3] *Pierce County*, 144 Wn. App. at 820 (quoting *City of Burien v. Kiga*, 144 Wn.2d 819, 825, 31 P.3d 659 (2001)).

and that "selects a particular part of a subject as the subject of the legislation" or subsets of an overarching subject. *Pierce County*, 144 Wn. App. at 820.

Alexander states without argument that ESSB 6151's title is restrictive. Br. of Appellant at 12. We disagree.

To be considered a general title, the title need not "contain a general statement of the subject of an act; [a] few well-chosen words, suggestive of the general subject stated, is all that is necessary." *Amalgamated Transit*, 142 Wn.2d at 209; *see also Pierce County*, 144 Wn. App. at 820. Here, the title of ESSB 6151 broadly relates to sex offenders in both the civil commitment system and the criminal justice system, and does not focus on a specific aspect of sex offenders. Therefore, we hold that ESSB 6151's title is general.[4] Because ESSB 6151's title is general, "great liberality will be indulged to hold that any subject reasonably germane to such title may be embraced within the body of the bill." *Amalgamated Transit*, 142 Wn.2d at 207.

The second step in addressing the single-subject requirement is to determine whether a rational unity exists among the subjects addressed in the bill. *Amalgamated Transit*, 142 Wn.2d at 209; *Pierce County*, 144 Wn. App. at 821. "Rational unity requires that [the bill's] subjects be reasonably connected to each other and to [the bill's] title." *Pierce County*, 144 Wn. App. at 821.

---

[4] *See Citizens for Responsible Wildlife Mgmt. v. State*, 149 Wn.2d 622, 632, 636, 71 P.3d 644 (2003) (holding title "Shall it be a gross misdemeanor to capture an animal with certain body-gripping traps, or to poison an animal with sodium fluoroacetate or sodium cyanide?" was a general title); *Kiga*, 144 Wn.2d at 825 (holding title "Shall certain 199 tax and fee increases be nullified, vehicles exempted from property taxes, and property tax increases (except new construction) limited to 2% annually?" was a general title); *Amalgamated Transit*, 142 Wn.2d at 193, 217 (holding title "Shall voter approval be required for any tax increase, license tab fees be $30 per year for motor vehicles, and existing vehicle taxes be repealed" was a general title).

Alexander argues that the bill is unconstitutional because it embraces many subjects, and that the criminal attempt statute is unrelated to transitional facilities for sex offenders or the classification of assault with sexual motivation. We disagree.

Here, a rational unity exists because ESSB 6151 amended the criminal attempt statute to reclassify some attempted sex offenses as class A felonies. LAWS OF 2001, 2d Spec. Sess., ch. 12, § 354, at 2251. The amendments to the criminal attempt statute are reasonably connected to the other subjects relating to the management of sex offenders—the amendment creates greater penalties for offenders who attempt to commit sex offenses. Also, a rational unity exists because the subjects addressed in the bill are reasonably connected to each other (all related to sex offenders) and to the bill's title (management of sex offenders in the criminal and civil systems). Therefore, Alexander fails to prove beyond a reasonable doubt that ESSB 6151 violated article II, section 19. Accordingly, his argument that the criminal attempt statute violates the single-subject rule fails.

B.     Subject-in-title rule

The second requirement of article II, section 19 is that a bill's subject must be stated in its title. *Amalgamated Transit*, 142 Wn.2d at 217; *Pierce County*, 144 Wn. App. at 822. This requirement seeks to provide notice of the bill's contents to the public and to legislators. *Amalgamated Transit*, 142 Wn.2d at 217. "This requirement is satisfied if the title of the act gives notice that would lead to an inquiry into the body of the act or indicates the scope and purpose of the law to an inquiring mind." *Pierce County*, 144 Wn. App. at 822 (citing *Amalgamated Transit*, 142 Wn.2d at 217). A title does not need to provide details or be an exhaustive index. *Amalgamated Transit*, 142 Wn.2d at 217. "Any objections to a title must be grave, and the conflict

between it and the constitution palpable, before we will hold an act unconstitutional for violating the subject-in-title requirement." *Pierce County*, 144 Wn. App. at 822.

To the extent that Alexander argues that ESSB 6151 violates the subject-in-title rule, his argument is meritless. Here, the full title of the act reads:

> AN ACT Relating to the management of sex offenders in the civil commitment and criminal justice systems; amending RCW 71.09.020, 36.70A.103, 36.70A.200, 9.94A.715, 9.94A.060, 9.94A.120, 9.94A.190, 9.94A.390, 9.94A.590, 9.94A.670, 9.95.005, 9.95.010, 9.95.011, 9.95.017, 9.95.020, 9.95.032, 9.95.052, 9.95.055, 9.95.064, 9.95.070, 9.95.080, 9.95.090, 9.95.100, 9.95.110, 9.95.115, 9.95.120, 9.95.121, 9.95.122, 9.95.123, 9.95.124, 9.95.125, 9.95.126, 9.95.130, 9.95.140, 9.95.190, 9.95.250, 9.95.280, 9.95.290, 9.95.300, 9.95.310, 9.95.320, 9.95.340, 9.95.350, 9.95.360, 9.95.370, 9.95.900, *9A.28.020*, 9A.36.021, 9A.40.030, 9A.44.093, 9A.44.096, 9A.44.100, 9A.76.—and 72.09.370; reenacting and amending RCW 9.94A.030, 9.94A.320, 18.155.020 and 18.155.030; adding new sections to chapter 71.09 RCW; adding new sections to chapter 72.09 RCW; adding new sections to chapter 9.94A RCW; adding new sections to chapter 9.95 RCW; adding a new section to chapter 4.24 RCW; creating new sections; repealing RCW 9.95.0011 and 9.95.145; prescribing penalties; providing an effective date; providing expiration dates; and declaring an emergency.

LAWS OF 2001, 2d Spec. Sess., ch. 12, at 2196. The subject at issue (amendment of RCW 9A.28.020) is clearly expressed in the title of ESSB 6151. The bill has an overarching theme related to the management of sex offenders and the title references the criminal attempt statute. The title notifies an interested reader that the amendments to the criminal attempt statute relate to the management of sex offenders. Because the title gives notice of the subjects contained within the legislation, Alexander's claim that the criminal attempt statute violates the subject-in-title rule fails.

Accordingly, we hold that the criminal attempt statute codified in RCW 9A.28.020 does not violate the Washington State Constitution's single-subject and subject-in-title rule contained in article II, section 19.

A majority of the panel having determined that only the foregoing portion of the opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

## ANALYSIS

### JURY INSTRUCTION

Alexander argues that the trial court erroneously defined "substantial step" in its jury instruction, which relieved the State of its burden to prove all elements of the crime beyond a reasonable doubt. Br. of Appellant at 15. Specifically, he argues that (1) the instruction erroneously included the phrase "indicates a *criminal purpose*" instead of "corroborative of the actor's criminal purpose" as stated in *State v. Workman*,[5] and (2) the instruction allowed the jury to convict based on intent to commit *a* crime, and not *the* specific crime charged. Br. of Appellant at 16.

Alexander's claim fails under our decision in *State v. Davis*, 174 Wn. App. 623, 635, 300 P.3d 465 (2013). In *Davis*, we considered and rejected the same arguments Alexander makes here. *Davis* specifically rejected the arguments that *Workman* requires the jury instruction to use the word "corroborate" rather than "indicate," and that the instruction allowed the jury to convict if the defendant's conduct indicated the intent to commit any crime. *Davis*, 174 Wn. App. at 636 (holding that "the Supreme Court has not mandated use of the word 'corroborates,'" and "there is no authority that the State must show independent evidence of intent").

---

[5] *State v. Workman*, 90 Wn.2d 443, 451, 584 P.2d 382 (1978).

Alexander asks us to reconsider our decision in *Davis*. However, Alexander has not offered any authority for his interpretation of *Workman* or any authority to support his comment that *Davis* should be reconsidered. *Davis* is controlling, and we reject Alexander's assertion that the "substantial step" jury instruction was erroneous because it relieved the State of its burden of proving all elements of the crime beyond a reasonable doubt.

PRIOR OFFENSE

Alexander argues that prior most serious offenses must be proved to a jury beyond a reasonable doubt because they elevate the seriousness of the current offense. Br. of Appellant at 23. We disagree. The United States Supreme Court in *Apprendi v. New Jersey*, relying on *Almendarez-Torres v. United States*,[6] said that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362, 147 L. Ed. 2d 435 (2000) (emphasis added); *see United States v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir. 2000) (noting that *Apprendi* "unmistakably carved out an exception for 'prior convictions' that specifically preserved the holding of *Almendarez-Torres*"), *cert. denied*, 532 U. 532 U.S. 966 (2001). The Supreme Court in *Blakely v. Washington* reiterated the same exception for prior convictions. 542 U.S. 296, 301, 124 S. Ct. 2531, 2536, 159 L. Ed. 2d 403 (2004).

Alexander argues, however, that the most recent Supreme Court case of *Alleyne v. United States* eliminates the *Apprendi* exception for prior convictions. 133 S. Ct. 2151, 2160, 186 L. Ed.

---

[6] *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998).

2d 314 (2013). But, *Alleyne* explicitly noted that the *Apprendi* exception for prior convictions was not raised and the court was not addressing it. 133 S. Ct. 2160, n.1.

Further, our Supreme Court recently considered and rejected this issue in *State v. Witherspoon*, 180 Wn.2d 875, 329 P.3d 888 (2014). There, the Supreme Court said, "Like *Blakely*, nowhere in *Alleyne* did the Court question *Apprendi's* exception for prior convictions. It is improper for us to read this exception out of Sixth Amendment doctrine unless and until the United States Supreme Court says otherwise." *Witherspoon*, 180 Wn.2d at 892. The *Witherspoon* court went on to say that the "United States Supreme Court precedent, as well as [Washington]'s own precedent, dictate that under the POAA, the State must prove previous convictions by a preponderance of the evidence and the defendant is not entitled to a jury determination on this issue." *Witherspoon*, 180 Wn.2d at 894.

*Witherspoon* is controlling. Thus, the trial court did not err in finding by a preponderance of the evidence that Alexander had two prior most serious offenses that counted as strikes under the POAA.

We affirm Alexander's conviction and sentence.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.