[No. 45048-8-II.    Division Two.    March 3, 2015.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID CHRISTOPHER HAVILAND, *Appellant*.

*Jodi R. Backlund* (of *Backlund & Mistry*), for appellant.

*Jonathan L. Meyer, Prosecuting Attorney*, and *Sara I. Beigh, Deputy*, for respondent.

¶1 SUTTON, J. — David Christopher Haviland appeals his bench trial convictions and sentences for two counts of second degree child rape, RCW 9A.44.076, and three counts of third degree child rape, RCW 9A.44.079. He argues that his second degree child rape convictions must be reversed because the bill that amended RCW 9A.44.076, SECOND SUBSTITUTE S.B. 6259, 51st Leg., Reg. Sess. (Wash. 1990) (2SSB 6259), is unconstitutional. We hold that the second degree rape of a child statute codified in RCW 9A.44.076

does not violate Washington State Constitution article II, section 19's single-subject or subject-in-title requirements. In the unpublished portion of the opinion, we address and reject Haviland's remaining arguments. We affirm his convictions and sentences.

## FACTS

¶2 The State charged Haviland with two counts of second degree child rape (counts I and II) and three counts of third degree child rape (counts III, IV, and V). All counts included a domestic violence enhancement. After a bench trial, the trial court found Haviland guilty as charged and sentenced him to an exceptional sentence totaling 340 months. Haviland appeals his convictions and sentences.

## ANALYSIS

¶3 Haviland argues that 2SSB 6259,[1] which amended the second degree child rape statute,[2] is unconstitutional because the bill violates the single-subject and subject-in-title requirements in article II, section 19 of the Washington State Constitution. Thus, he argues that his convictions and sentences for second degree child rape must be vacated and the charges dismissed with prejudice. Haviland's argument fails because section 903 of the bill, which specifically amended RCW 9A.44.076, does not violate the single-subject or subject-in-title requirements.

### A. STANDARD OF REVIEW

¶4 We review allegations of constitutional violations de novo. *State v. Lynch*, 178 Wn.2d 487, 491, 309 P.3d 482 (2013). A defendant may raise a "manifest error affecting a constitutional right" for the first time on appeal. RAP

---

[1] LAWS OF 1990, ch. 3, § 903.

[2] RCW 9A.44.076.

2.5(a)(3); *State v. Robinson*, 171 Wn.2d 292, 304, 253 P.3d 84 (2011). Courts presume that statutes are constitutional; a party challenging a "statute's constitutionality bears the heavy burden of establishing its unconstitutionality beyond a reasonable doubt." *Amalgamated Transit Union Local 587 v. State*, 142 Wn.2d 183, 205, 11 P.3d 762, 27 P.3d 608 (2001); *see State v. Hunley*, 175 Wn.2d 901, 908, 287 P.3d 584 (2012). This standard is met when " 'argument and research show that there is no reasonable doubt that the statute violates the constitution.' " *Pierce County v. State*, 159 Wn.2d 16, 27, 148 P.3d 1002 (2006) (quoting *Larson v. Seattle Popular Monorail Auth.*, 156 Wn.2d 752, 757, 131 P.3d 892 (2006)); *Amalgamated Transit*, 142 Wn.2d at 205.

## B. ARTICLE II, SECTION 19

█ ¶5 Article II, section 19 of the Washington State Constitution provides that "[n]o bill shall embrace more than one subject, and that shall be expressed in the title." Article II, section 19 established two specific requirements: (1) the single-subject rule and (2) the subject-in-title rule. *State v. Stannard*, 134 Wn. App. 828, 834, 142 P.3d 641 (2006) (citing *Citizens for Responsible Wildlife Mgmt. v. State*, 149 Wn.2d 622, 632, 71 P.3d 644 (2003)).

### 1. Single-Subject Rule

¶6 Haviland argues that 2SSB 6259 violates the single-subject rule because it "covers a variety of other general topics" unrelated to second degree rape of a child, and that the various subjects contained in 2SSB 6259 have no rational unity. Br. of Appellant at 11. We disagree.

█ ¶7 Article II, section 19 prohibits a bill from embracing more than one subject. "The single-subject requirement seeks to prevent grouping of incompatible measures as well as pushing through unpopular legislation by attaching it to popular or necessary legislation." *Pierce County v. State*, 144 Wn. App. 783, 819, 185 P.3d 594 (2008).

¶8 The first step in analyzing whether the legislature violated "the single-subject requirement is to determine whether the title of the bill is general or restrictive." *State v. Alexander*, 184 Wn. App. 892, 897, 340 P.3d 247 (2014), *petition for review filed*, No. 91174-6 (Wash. Jan. 5, 2015); *see Wash. Ass'n of Neigh. Stores v. State*, 149 Wn.2d 359, 368, 70 P.3d 920 (2003). " 'A general title is broad, comprehensive, and generic[,] as opposed to a restrictive title that is specific and narrow' and that 'selects a particular part of a subject as the subject of the legislation.' " *Alexander*, 184 Wn. App. at 897 (alteration in original) (internal quotation marks omitted) (quoting *Pierce County*, 144 Wn. App. at 820). "To be considered a general title, the title need not 'contain a general statement of the subject of an act; [a] few well-chosen words, suggestive of the general subject stated, is all that is necessary.' "[3] On the other hand, "restrictive titles tend to deal with issues that are subsets of an overarching subject." *Pierce County*, 144 Wn. App. at 820. If the bill has a general title, it "may constitutionally include all matters that are reasonably connected with it and all measures that may facilitate the accomplishment of the purpose stated." *Id.* at 821.

¶9 The second step in analyzing the single-subject requirement is to determine the connection between the general subject and the incidental subjects of the enact-

---

[3] *Alexander*, 184 Wn. App. at 898 (alteration in original) (quoting *Amalgamated Transit*, 142 Wn.2d at 209); *see Stannard*, 134 Wn. App. at 836; *see also Amalgamated Transit*, 142 Wn.2d at 209, 212, 216 (holding that the title " '[s]hall voter approval be required for any tax increase, license tab fees be $30 per year for motor vehicles, and existing vehicle taxes be repealed?' " was general because, read as a whole, the title embraced the general topic of vehicle taxes); *City of Burien v. Kiga*, 144 Wn.2d 819, 825, 827, 31 P.3d 659 (2001) (holding that the title " '[s]hall certain 1999 tax and fee increases be nullified, vehicles exempted from property taxes, and property tax increases (except new construction) limited to 2 [percent] annually?' " was general because the entirety of the title encompassed the general subject of tax relief); *Citizens*, 149 Wn.2d at 632, 636 (holding that the title " '[s]hall it be a gross misdemeanor to capture an animal with certain body-gripping traps, or to poison an animal with sodium fluoroacetate or sodium cyanide?' " was general because the specific topics referenced in the title were "merely incidental to the general topic reflected in the title—a ban on methods of trapping and killing animals").

ment. *Alexander*, 340 P.3d at 251; *Pierce County*, 144 Wn. App. at 821. "Where a general title is used, all that is required is rational unity between the general subject and the incidental subjects." *Amalgamated Transit*, 142 Wn.2d at 209; *see Alexander*, 340 P.3d at 251.

¶10 RCW 9A.44.076, the second degree rape of a child statute, was amended in 1990 as part of 2SSB 6259.[4] The bill is titled "Community Protection Act": "AN ACT Relating to criminal offenders." LAWS OF 1990, ch. 3, at 12. Haviland acknowledges that the title of the bill is general. Therefore, the question here is whether there is rational unity between the general subject and the incidental subjects. *Amalgamated Transit*, 142 Wn.2d at 209.

¶11 Haviland argues that the various subjects contained in 2SSB 6259 have no rational unity and points to the distinct "general topics" amended in 2SSB 6259: (1) "the Juvenile Justice Act," (2) "civil detention" statutes, (3) "compensation for crime victims" statutes, (4) "sex offender treatment provider" statutes, (5) "civil commitment of sexually violent predators" statutes, (6) "background check" statutes, (7) "funding and grant" statutes, and (8) statutes concerning "treatment and supervision of parents" who have abused children. Br. of Appellant at 11-12. According to Haviland, the bill violates the single-subject rule because it "covers a variety of other general topics" unrelated to second degree child rape. *Id.* at 11.

¶12 2SSB 6259 amended the second degree child rape statute from a class B felony to a class A felony.[5] This amendment is reasonably connected to the other subjects related to criminal offenders because it creates a greater penalty for individuals who commit child rape. The subjects addressed in the bill are reasonably connected to each other (all are related to criminal offenses) and to the bill's title (criminal offenders and community protection). This bill is

---

[4] LAWS OF 1990, ch. 3, § 903, at 96-97.

[5] *Id.*

not like those where the Supreme Court found violations of the single-subject rule because there was no rational unity among the matters included in the act. *See, e.g., Barde v. State*, 90 Wn.2d 470, 471-72, 584 P.2d 390 (1978) (where the court held that an act that provided for criminal penalties for dognapping and the recovery of attorney fees in some civil replevin actions lacked rational unity).

¶13 We hold that there is rational unity among the subjects in this bill. Haviland fails to prove beyond a reasonable doubt that 2SSB 6259 violated the single-subject rule, and his argument fails.

## 2. Subject-in-Title Rule

¶14 Haviland also argues that 2SSB 6259 violates the subject-in-title rule because it addresses subjects not encompassed in its title. He contends that because the bill "also amends and enacts myriad statutes relating to juvenile offenders, civil commitment, treatment providers, employee background checks, funding for community organizations, and help for crime victims," the bill violates the subject-in-title rule. Br. of Appellant at 14. He further contends that enumerating each RCW section does not cure this deficiency and, thus, the entire act is unconstitutional. We disagree.

¶15 Article II, section 19 requires that a bill's title must state the subject of the bill: "No bill shall embrace more than one subject, and that shall be expressed in the title." "This provision ensures that the public has notice of the [bill's] contents." *Stannard*, 134 Wn. App. at 841 (citing *Citizens*, 149 Wn.2d at 639). "This requirement is satisfied if the title of the act gives notice that would lead to an inquiry into the body of the act or indicates the scope and purpose of the law to an inquiring mind." *Pierce County*, 144 Wn. App. at 822. A title does not need to provide details or an exhaustive index. *Id.* "Any objections to a title must be grave, and the conflict between it and the constitution

palpable, before we will hold an act unconstitutional for violating the subject-in-title requirement." *Id.*

¶16 2SSB 6259, which amends RCW 9A.44.076, is titled "Community Protection Act": "AN ACT Relating to criminal offenders." LAWS OF 1990, ch. 3, at 12. The title plainly notifies readers that the bill's contents relate to criminal offenders, and the bill enumerates the statutes it amends, specifically stating that it amends RCW 9A.44-.076, the statute criminalizing second degree child rape. *Id.* All sections of the bill relate to the unified purpose of addressing criminal offenders at all stages of the process.[6] We hold that 2SSB 6259 does not violate Washington Constitution article II, section 19's single-subject or subject-in-title requirements.

¶17 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

---

[6] But even if we were to hold that any of the bill's sections violate Washington Constitution article II, section 19, this would not render the entire act invalid because invalid provisions may be severable.

> A legislative act is not unconstitutional in its entirety unless invalid provisions are unseverable and it cannot . . . reasonably be believed that the legislative body would have passed one without the other, or unless elimination of the invalid part would render the remaining part useless to accomplish the legislative purposes.

*Amalgamated Transit*, 142 Wn.2d at 227-28.

Thus, Haviland's argument also fails because section 903 of the bill, which specifically amended RCW 9A.44.076, does not violate the single-subject or subject-in-title requirements. The amended section provides:

> (1) A person is guilty of rape of a child in the second degree when the person has sexual intercourse with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.
> (2) Rape of a child in the second degree is a class A felony.

LAWS OF 1990, ch. 3, § 903, at 96-97.

The plain language of section 903 relates to "criminal offenders" and sexual violence, which also relate to the title and subject of 2SSB 6259. Thus, section 903 does not violate Washington Constitution article II, section 19.

shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK and LEE, JJ., concur.

Review denied at 183 Wn.2d 1012 (2015).